GRACEY, JUDGE:
On September 29, 1983, at about 10:00 o'clock p.m., claimant Lois J. Michaelson was operating a 1982 Ford Escort station wagon, titled in the name of her husband, claimant Roger L. Michaelson, in a southerly direction on Coal River Road, also known as Secondary Route 3, sough of St. albans in Kanawha County. She was accompanied by their young daughter, Lynette. They were on their way to their home, near St. albans, from Marmet. About a mile after *62 passing Indian Head subdivision, the vehicle crossed the center line and struck a northbound old Ford three-quarter ton truck being operated by a Dayton Price. Mrs. Michaelson has no recollection of what happened from the time she passed the Indian Head subdivision until she regained consciousness, pinned in the car, after the accident had occurred. The claimants allege that a defect in the highway surface must have caused her to lose control of the car, thus causing the collision. An award of damages in the total amount of $59,097.61 was requested.
The Michaelson vehicle had passed a small, broken blacktop area, along the westerly side of the pavement, just prior to the occurrence of the collision. Claimants apparently believe that the right front wheel struck, or passed through, this broken blacktop area and that this caused Mrs. Michaelson to lose control.
Trooper N.K. Davis investigated the accident. He had noted the broken blacktop and testified that it extended no more than a foot into the travel portion from the edge of the highway. The vehicles had come to rest generally beside each other, and both headed north. The Michaelson car was on the berm and embankment on the easterly side of the highway. The truck was mostly in the northbound lane. The debris was on the right side of and also immediately behind the truck. The collision had involved the front of the Michaelson car and the right front of the pickup truck. He had measured the distance, diagonally across the southbound lane, from the broken blacktop to the right front of the pickup truck, as 110 feet. Skidmarks behind the pickup truck were 26 feet long. He estimated the pavement width as 24 feet.
Mrs. Michaelson testified that, prior to the accident, she had travelled the subject section of the highway frequently, at least every other day, and she described the highway as being "a hoovy road, dippy." She described the injuries she and her daughter had suffered, their hospitalization and treatment, and the medical expenses incurred.
Dayton Price, the operator of the pickup truck, testified that he was travelling about 47 miles per hour. He was going up a slight grade and was shifting down to a lower gear. Fie described the oncoming car as apparently being out of control, combing into his lane, then apparently regaining control, then apparently out of control again.
Leo Francis Bodie, an Associate Professor of mechanical engineering at West Virginia Institute of Technology, was presented as a witness by the claimants. His only visit to the accident scene had been o the day prior to his appearance as a witness. He had measured the width of the pavement and said it was just over 20 feet wide. In answer to a hypothetical question, including a number of facts and a number of assumptions, he indicated that the Michaelson car might have been thrown out of control if it had hit the broken pavement area. He conceded that the car might have been out of control for a different reason.
There was no evidence that the Department of Highways knew or should have known of the broken pavement edge. For the respondent to be held liable for damages caused by such a highway defect, the claimant must prove that the respondent has actual or constructive *63 notice of the existence of the defect, had failed to correct it within a reasonable time, and that the defect was the cause of the damages. The State is neither an insurer nor a guarantor of the safety of travellers on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). The Court cannot base an award on speculation or conjecture. The Court must, therefore, deny this claim.
Claim disallowed.